IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                    :
                                   :
        Plaintiff,                 :
                                   :
        v.                         :   Civ. Action No. 07-456-JJF
                                   :
U.S. COURT OF APPEALS FOR THE      :
FEDERAL CIRCUIT, U.S. ATTORNEY:
GENERAL, U.S. DEPARTMENT OF        :
JUSTICE, U.S. SOLICITOR            :
GENERAL, U.S. SUPREME COURT,       :
U.S. COURT OF FEDERAL CLAIMS,      :
U.S. HUMAN RIGHTS WATCH, ACLU      :
PRISON PROJECT, ALL OF THEM        :
IN WASHINGTON, D.C., and           :
WASHINGTON D.C.                    :
                                   :
        Defendants.                :

_____

Ivan L. Mendez, Pro se Plaintiff, Delaware Correctional Center,
Smyrna, Delaware.

_____

**MEMORANDUM OPINION**

September 26, 2007
Wilmington, Delaware

*Joseph J. Farnan Jr.*

Farnan, District Judge

Plaintiff Ivan L. Mendez ("Mendez"), an inmate at the Delaware Correctional Center, ("DCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and has filed a Motion To Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1.) He is a frequent filer in this District.

For the reasons discussed below, the Court will deny Plaintiff's Motion For Leave To Proceed In Forma Pauperis and will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## I.  BACKGROUND

Plaintiff filed an almost identical Complaint in C.A. No. 07-450-JJF, Mendez v. U.S. Court of Appeals for the Federal Circuit. As with C.A. No. 07-450-JJF, the present Complaint is difficult to understand. However, it is clear that Plaintiff filed his claim pursuant to 42 U.S.C. § 1983. He alleges that he has medical issues, and in 2004 and 2006 was not given pain medication when he thought it was necessary. Plaintiff also alleges that the DCC would not transfer him to the correction institution of his choice. Plaintiff alleges that "Washington, D.C. knows" about Plaintiff's allegations. Exhibits attached to the Complaint appear to relate to Plaintiff's underlying criminal

2

conviction.

## II.  PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule".  Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997).  An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.  Also, a prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows:  Mendez v. Delaware Corr. Ctr., C.A. No. 05-303-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware Legal Sys., C.A. No. 05-304-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware, C.A. No. 05-305-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware Psychiatric

3

Ctr., C.A. No. 05-306-JJF (D. Del. Dec. 1, 2005). Moreover, on
July 30, 2007, Plaintiff was enjoined from filing, without prior
authorization of this Court, any complaint, lawsuit, or petition
for writ of mandamus, related to his underlying criminal
conviction, or any other related cases, including, but not
limited to actions against the states of Pennsylvania and
Delaware, the District of Columbia, and This Criminal
Organization. Mendez v. This Criminal Organization, C.A. No. 07-
236 (July 30, 2007, D.I. 9.) Had Plaintiff filed this case eleven
days later, he would have been required to follow the requisites
of the banning Order.

    Plaintiff may not file another civil action in forma
pauperis while incarcerated unless he was in "imminent danger of
serious physical injury" at the time of the filing of his
Complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239
F.3d 307, 311 (3d Cir. 2001). Plaintiff's Complaint does not
meet the standard. Although Plaintiff uses the words "imminent
threat of physical injury," he does so when referring to the
denial of previously filed motions to proceed in forma pauperis.
The allegations of the Complaint, to the extent that can be
discerned, are that Plaintiff is disabled and was not given pain
medication in 2004 and 2006, and that the DCC did not transfer
Plaintiff to the correction institution of his choice. Hence,
Plaintiff is not excused from the restrictions under § 1915(g),

4

he may not proceed in forma pauperis and, therefore, his Motion
To Proceed In Forma Pauperis will be denied.  Even if the Court
were to grant Plaintiff's Motion, the allegations in the
Complaint are frivolous and fail to state a claim upon which
relief may be granted.

## III. STANDARD OF REVIEW

When a prisoner seeks redress from a government defendant in
a civil action, 28 U.S.C. § 1915A provides for screening of the
complaint by the court.  Section 1915A(b)(1) provides that the
court may dismiss a complaint, at any time, if the action is
frivolous, malicious, fails to state a claim upon which relief
may be granted or seeks monetary relief from a defendant immune
from such relief.  An action is frivolous if it "lacks an
arguable basis either in law or in fact." Neitzke v. Williams,
490 U.S. 319, 325 (1989).

In performing its screening function, the court applies the
standard applicable to a motion to dismiss under Fed. R. Civ. P.
12(b)(6). Fullman v. Pennsylvania Dep't of Corr., C.A. No.
4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing
Weiss v Colley, 230 F.3d 1027, 1029 (7ᵗʰ Cir. 2000).  The court
must accept all factual allegations in a complaint as true and
take them in the light most favorable to plaintiff. Erickson v.
Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v.
Harbury, 536 U.S. 403, 406 (2002).  A complaint must contain "'a

5

short and plain statement of the claim showing that the pleader
is entitled to relief,' in order to 'give the defendant fair
notice of what the . . . claim is and the grounds upon which it
rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955,
1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
A complaint does not need detailed factual allegations, however
"a plaintiff's obligation to provide the 'grounds' of his
'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Id. at 1965 (citations omitted).
The "[f]actual allegations must be enough to raise a right to
relief above the speculative level on the assumption that all of
the complaint's allegations in the complaint are true (even if
doubtful in fact)." Id. (citations omitted). However,
fantastical or delusional claims that are clearly baseless are
insufficient to withstand the Court's evaluation for frivolity
dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504
U.S. 5, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989).
Because Plaintiff proceeds pro se, his pleading is liberally
construed and his Complaint, "however inartfully pleaded, must be
held to less stringent standards than formal pleadings drafted by
lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007)
(citations omitted).

6

## IV.  ANALYSIS

Plaintiff filed his Complaint pursuant to § 42 U.S.C. 1983.
When bringing a § 1983 claim, a plaintiff must allege that some
person has deprived him of a federal right, and that the person
who caused the deprivation acted under color of state law.  West
v. Atkins, 487 U.S. 42, 48 (1988).  None of the named Defendants
are state actors.  For this reason alone, the Complaint must be
dismissed.

Dismissal is also appropriate because, other than referring
to "Washington, D.C.," the Complaint fails to apprise Defendants
of their conduct which allegedly deprived Plaintiff of his
constitutional rights.  A civil rights complaint must state the
conduct, time, place, and persons responsible for the alleged
civil rights violations.  Evancho v. Fisher, 423 F.3d 347, 353
(3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621
F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police,
570 F.2d 86, 89 (3d Cir. 1978)).  The Complaint does not allege
that any of the named Defendants violated Plaintiff's
constitutional rights.

Moreover, most of the defendants are not "persons" subject to
claims under 42 U.S.C. § 1983.  See Will v. Mich. Dep't of State
Police, 491 U.S. 58, 71 (1989).  Additionally, the majority of
the federal Defendants are immune from suit.  See United States
v. Mitchell (I), 445 U.S. 535, 538 (1980) (It is well established

7

that an action against the United States cannot be maintained
unless the United States waives its sovereign immunity.)

Finally, Plaintiff's allegations are clearly baseless and
fail to establish that he has been deprived of a constitutionally
or federally protected right by any of the named Defendants.
Therefore, the Court will dismiss the Complaint as frivolous
pursuant to 28 U.S.C. § 1915A(b)(1).

## V.  CONCLUSION

Based upon the foregoing analysis, the Complaint will be
dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).
Amendment of the Complaint would be futile.  See Grayson v.
Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v.
City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).  The Court
will deny the Motion To Proceed In Forma Pauperis.  An
appropriate Order will be entered.

8